1

The Honorable Barbara Rothstein

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
9
AT SEATTLE

10
JAMES GRAY and SCOTT HORTON,
11
individually and on behalf of all others similarly
situated,
12
Plaintiffs,                          NO. 2:22-cv-00800 BJR
13
v.                                   **PLAINTIFFS' MOTION FOR**
14                                                **LEAVE TO FILE AMENDED**
AMAZON.COM, INC., a Delaware corporation,        **COMPLAINT**
15
and AMAZON.COM SERVICES LLC, a
16
Washington limited liability company,
17
Defendants.

18
        Amazon markets and sells Alexa-enabled devices (e.g., Amazon's "Echo") which
19
contain a microphone that listens to and records voice commands or queries within range of the
20
device—usually within the home of the owner. Although it is now known that Amazon uses
21
voice recordings made by the Alexa device, and the information contained in or derived from
22
the voice recordings, to create dossiers on its customers to sell targeted advertisements,
23
Amazon has for years made inconsistent and misleading representations in public statements
24
and in its ever-changing terms and conditions for use. The Court found that the terms and
25
notices in effect at the time the complaint was filed adequately disclosed Amazon's practices.
26
Plaintiffs now seek leave to file an amended complaint premised on the disclosures Amazon

PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT- 1
2:22-cv-00800

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

made in its Terms and Notices in effect when Plaintiffs *bought* their Alexa devices. Plaintiffs do not contend that Amazon is prohibited from using voice recordings to generate targeted advertising, only that it must adequately disclose this to customers before it does so. The applicable terms when Plaintiffs purchased their Alexa-enabled devices, which the Court has not yet considered, insufficiently identified this practice. Thus, Plaintiffs could not avoid injury by simply not buying the product—a product that they overpaid for based on Defendants' omissions regarding its use of Alexa-users' voice recordings, and the information contained in or derived from the voice recordings. Further, as Defendants changed these terms over time, Plaintiffs could not avoid injury because they had already paid for their devices based on materially different representations.

Plaintiffs' proposed amended complaint sets forth these additional facts and theories. Since amendment would not be futile, the Court should grant the motion and direct Plaintiffs to file their amended complaint.

## PROCEDURAL BACKGROUND

Plaintiffs filed their class-action complaint on June 8, 2022. (Dkt. 1). Amazon filed a motion to dismiss on August 12, 2022 (Dkt. 37), which the Court granted without prejudice on January 27, 2023. (Dkt. 48). The parties stipulated, and the Court ordered, that Plaintiffs must file any motion for leave to amend the complaint by March 3, 2023. (Dkt. 50).

## PROPOSED AMENDMENTS

Plaintiffs proposed Amended Complaint ("FAC"), attached hereto as Exhibit A (a redline comparison against the original complaint is also attached hereto as Exhibit B), sets forth additional and revised factual allegations to address the concerns set forth in the Court's order granting Defendants' Motion to Dismiss. These amendments include:

**1. Allegations regarding the Amazon terms of use in effect at the time that Plaintiffs' purchased their Alexa devices.** Amazon occasionally changes its terms of use for its products. When this occurs, the older versions of the terms are removed from Amazon's

PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT- 2
2:22-cv-00800

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

website and are not accessible. Accordingly, Plaintiffs relied on the then-current version of Amazon's terms that were available on its website at the time they filed their complaint.[1] Plaintiffs have utilized the "Way Back Machine" internet archive to identify, where possible, the terms of use that existed at relevant times and to compare and contrast these terms to the current terms. *See* FAC ¶¶ 34–44.

**2. Allegations regarding updated academic research confirming that Amazon's terms and conduct are not consistent with its public statements.** In the original complaint, Plaintiffs cited to an April 2022 research paper published by a team of highly respected academics from the University of Washington, University of California-Davis, University of California-Irvine, and Northeastern University, titled *Your Echoes are Heard: Tracking, Profiling, and Ad Targeting in the Amazon Smart Speaker Ecosystem.* Dkt. 1, ¶ 31. This paper was recently updated in February 2023 to include the results of an IRB-approved survey of 393 U.S.-customers finding that a 63% of consumers understand Amazon's statements disclaiming use of "voice recordings" to mean that Amazon does not use the recordings *or* information derived from such recordings for targeted advertising because, in order "to derive information from voice recordings, voice recordings need to be processed first." *See* FAC ¶¶ 45–47.

**3. Expanded the scope of allegations to expressly include "voice data" generated from voice recordings for advertising purposes.** The FAC includes allegations that Amazon utilizes not only the voice recordings, but also other data created or derived from such recordings, which it collectively refers to as "voice data." In its Order on the motion to dismiss, the Court adopted the most narrow definition of "voice recordings" to mean "anything directly reflecting the context of what users utter to their Alexa-enabled devices, and not the transaction records derived from those utterances." Dkt. 48 at 6 n.6. Plaintiffs have revised the complaint to expressly include transaction records as part of "voice data." FAC ¶ 2, n. 1.

---

[1] Plaintiffs' Amended Complaint continues to assert that none of Amazon's Terms, then or now, adequately disclosed their use of voice recordings for advertising to preserve their right to appeal.

PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT- 3
2:22-cv-00800

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

## ARGUMENT

2     "[A] court should liberally allow a party to amend its pleading." *Sonoma Cty. Assoc. of*

3     *Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). When faced with a request

4     to amend after a motion to dismiss is granted, the Court should grant amendment unless there is

5     "strong evidence of 'undue delay, bad faith or dilatory move on the part of the movant,

6     repeated failure to cure deficiency by amendments previously allowed, undue prejudice to the

7     opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Id.*

8     (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While prejudice to the opposing party is

9     the primary consideration, "[d]ismissal with prejudice and without leave to amend is not

10    appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence*

11    *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Gonzales v.*

12    *Allstate Ins.*, 19-5569, 2019 WL 4972327, at *2 (W.D. Wash. Oct. 7, 2019) (Settle, J.) ("Thus,

13    the Court grants [plaintiff] leave to amend his complaint because it is at least unclear whether

14    any amendment would be futile.").

15        Here, the only conceivable objection Amazon could raise to Plaintiffs' amendment is

16    futility, but Plaintiff's amendments are not futile. "[A] proposed amendment is futile only if no

17    set of facts can be proved under the amendment to the pleadings that would constitute a valid

18    and sufficient claim or defense." *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir.

19    1997) (quoting *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988)). Here, the

20    allegations in the FAC sufficiently support Plaintiffs' claims.

21        First, the Court analyzed Plaintiffs' breach of duty of good faith and fair dealing claim

22    based on Amazon's then-current terms and conditions, as set forth in Plaintiffs' original

23    Complaint. Dkt. 48 at 7–11. The appropriate terms to consider are those in effect when

24    Plaintiffs purchased and activated their devices; not subsequent changes that were made

25    without Plaintiffs' consent.[2] If Defendants contend that these terms also adequately disclosed

26

---

[2] *See Sifuentes v. Dropbox, Inc*., No. 20-CV-07908-HSG, 2022 WL 2673080, at *4 (N.D. Cal. June 29, 2022)
("Defendant essentially argues that it contracted for the right to change the terms at will because the 2011 TOS

PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT- 4
2:22-cv-00800

**Tousley Brain Stephens PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    its practices related to the use of voice recordings to sell targeted advertisements, that issue

2    should be resolved on a subsequent motion to dismiss, not in opposition to a motion for leave to

3    amend. Amendment is not futile.

4          Second, Plaintiffs' proposed amendments regarding the February 2023 updates to the

5    Research Paper establish a fact issue as to how consumers interpret Amazon's statements

6    regarding its use of voice recordings and voice data. Specifically, Plaintiffs allege facts that

7    show that reasonable consumers and the public *are* actually misled by Amazon's

8    representations and would not be able to avoid injury simply by reviewing Amazon's terms.

9    *See* FAC ¶¶ 34–44. This would preclude the Court from finding as a matter of law that the

10   public was not likely misled; these amendments create a fact question as to whether Amazon

11   engaged in an unfair or deceptive practice. Plaintiffs' amendments to include the applicable

12   terms at the time they purchased their devices would also show that Plaintiffs were not

13   adequately informed of Amazon's conduct and could not have reasonably prevented injury by

14   declining to purchase their Alexa-enable devices. These amendments cure factual deficiencies

15   identified by the Court regarding the unfair and deceptive practice and causation prongs of

16   Plaintiffs' CPA claims and amendment is not futile.

17         Similarly, the additional allegations regarding the applicable terms and conditions in

18   effect when Plaintiffs' purchase their devices would cure any deficiencies with respect to

19   Plaintiffs' intrusion on seclusion claim. The Court's ruling was premised on the then-current

20   terms, which the Court concluded manifested consent to the use of voice recordings, not those

21   the Plaintiffs originally assented to when they purchased their Alexa-enable devices. These

22   terms should be used to evaluate the claim and the amendment is not futile.

23

24   _____

25   contains a provision stating that Defendant "may revise these Terms from time to time" and that continuing to use
     the service constitutes agreement to any revised terms. Defendant's argument misses the point. Given the complete
26   lack of evidence of notice within Defendant's service itself, Plaintiff's ongoing use of the service is irrelevant to
     determining whether he had actual or constructive notice of the post- 2011 terms of service.") (relying on *Berman
     v. Freedom Financial Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022)).

PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT- 5
2:22-cv-00800

Finally, Plaintiffs understand the Court's ruling on their Washington Personality Rights Act claims determined that Plaintiffs' actual voices must have been used "'on or in goods, merchandise, or products,' or in advertisements for any 'products, merchandise, goods, or services.'" Dkt. 48 at 18 (quoting RCW § 63.60.050). Plaintiffs' amendments do not include allegations that their voices were used in the targeted advertisements, only to generate the targeted advertisements. Plaintiffs respectfully note that the language of the PRA does not require the use of a person's voice *in* an advertisement to be actionable. Rather, the statute provides that an infringement arises when "any person . . . uses or authorizes the use of a living . . . individual's . . . voice . . . *for* purposes of advertising products, merchandise, good, or services . . ." RCW § 63.60.050 (emphasis added). The statute does not require use *in* advertising, only use *for* the purpose of advertising. Plaintiffs allege that Amazon used their voices to generate a dossier "for the purpose of advertising." Plaintiffs re-assert their PRA claims for reconsideration, but also to avoid any claims of waiver. Nevertheless, even if the Court finds that Plaintiffs cannot bring their PRA claims, that would not render the proposed amended complaint futile for purposes of granting the motion for leave to amend.

## CONCLUSION

For all the reasons set forth above, the Court should grant Plaintiffs leave to file their proposed amended complaint.

DATED this 3rd day of March, 2023.

TOUSLEY BRAIN STEPHENS PLLC

By: *s/Rebecca L. Solomon*
    Rebecca L. Solomon, WSBA #51520
    Jason T. Dennett, WSBA #30686
    TOUSLEY BRAIN STEPHENS PLLC
    1200 Fifth Avenue, Suite 1700
    Seattle, WA 98101-3147
    Tel:  (206) 682-5600
    Fax:  (206) 682-2992
    Email:    rsolomon@tousley.com
              jdennett@tousley.com

PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT- 6
2:22-cv-00800

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Adam J. Levitt, Admitted *Pro Hac Vice*
Amy E. Keller, Admitted *Pro Hac Vice*
Nada Djordjevic, Admitted *Pro Hac Vice*
Sharon Cruz, Admitted *Pro Hac Vice*
DICELLO LEVITT LLC
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Tel:  (312) 214-7900
Fax:  (312) 253-1443
Email:      alevitt@dicellolevitt.com
                 akeller@dicellolevitt.com
                 ndjordevic@dicellolevitt.com
                 scruz@dicellolevitt.com

David Straite, Admitted *Pro Hac Vice*
Corban Rhodes, Admitted *Pro Hac Vice*
One Grand Central Place, 60 East 42nd St.
Suite 2400
New York, NY 10165
Tel: (646) 933-1000
Email:      dstraite@dicellolevitt.com
                 crhodes@dicellolevitt.com

***Attorneys for Plaintiffs and the Proposed Class***

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992