THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES GRAY and SCOTT HORTON,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware
corporation, and AMAZON.COM SERVICES
LLC, a Washington limited liability company,

Defendants.

Case No.: 2:22-CV-00800-BJR

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT**

The Court should deny Plaintiffs' request for leave to file an amended complaint.  Dkt. 51, Motion for Leave to File Amended Complaint ("Mot.").  Plaintiffs' Proposed Amended Complaint ("PAC") is a futile exercise and cannot save Plaintiffs' claims because, as the Court already held, Amazon disclosed, and Plaintiffs consented to, the very conduct they challenge.  From at least 2016 through the present, Amazon's Alexa Terms of Use ("Alexa Terms"), Privacy Notice, and Interest-Based Ads Notice ("IBA Notice") (among other disclosures) informed customers that Amazon collects customers' information—such as their interactions with Alexa and other Amazon services—and might use that information to serve interest-based ads.  Based on those clear disclosures, the Court dismissed Plaintiffs' original Complaint for failure to state a claim.  Plaintiffs acknowledge these disclosures in the PAC but try, unsuccessfully, to sidestep them.

The PAC debuts three new sets of allegations, but none cures the deficiencies that prompted the Court to dismiss Plaintiffs' original Complaint.  <u>First</u>, the PAC adds "[a]llegations regarding

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 1 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101

the Amazon terms of use in effect at the time that Plaintiffs' purchased their Alexa devices." Mot. at 2.  But the Court has already ruled that Plaintiffs, who are longtime registered Alexa users, agreed to Amazon's current, updated terms through Plaintiffs' continued use of the Alexa service. Moreover, both the current *and* historical versions of Amazon's terms and policies consistently and clearly disclosed the types of customer information that Amazon collects and might use for targeted ads.

Second, the PAC adds "[a]llegations regarding updated academic research confirming that Amazon's terms and conduct are not consistent with its public statements." Mot. at 3.  Even if the PAC accurately portrays this "academic research," these allegations are irrelevant.  Plaintiffs never allege that they saw, heard, or were otherwise exposed to any of Amazon's public statements.  As a result, Plaintiffs cannot show that Amazon's statements in any way caused their alleged injuries.

Third, the PAC "[e]xpanded the scope of allegations to expressly include 'voice data' generated from voice recordings for advertising purposes." Mot. at 3.  That is a distinction without a difference.  The Court already found that the use of voice data was "contemplated in" and "permitted" under Amazon's broad policies.  Dkt. 48 ("Order") at 10.

As explained below, even under the PAC, all of Plaintiffs' proposed claims fail as a matter of law.  Plaintiffs' knowing consent to Amazon's terms defeats their claims under the Washington Consumer Protection Act ("WCPA") and for the breach of the implied covenant of good faith and fair dealing and intrusion upon seclusion.  Plaintiffs' claim under the Washington Personality Rights Act ("WPRA") also fails because Plaintiffs do not allege that Amazon used their "voices" for purposes of targeted advertising, only that Amazon purportedly used "dossiers" of their information, which is not prohibited under that statute.  The Court should deny leave to amend and dismiss this case with prejudice.

## BACKGROUND

Plaintiffs' initial Complaint, filed on June 8, 2022, alleged that Amazon misrepresented its use of Alexa "voice data"—a term that Plaintiffs never defined—for targeted advertising.  Dkt. 1 ("Compl.") ¶¶ 2-5, 87, 92.  According to the Complaint, Amazon's policies and public statements inadequately disclosed this practice until 2022, when Amazon "admitted" that it used transaction

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 2 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101

data from Alexa interactions to inform interest-based advertising.  *Id.* ¶¶ 32-33.  To support this theory, the Complaint relied on language from Amazon's then-effective 2022 policies, including the Alexa Terms and Privacy Notice.  *Id.* ¶¶ 34-35, 37.  The Complaint asserted claims for breach of the implied covenant of good faith and fair dealing, violation of the WCPA, intrusion upon seclusion, and violation of the WPRA.

Amazon moved to dismiss the Complaint.  Dkt. 37 ("MTD").  On January 27, 2023, the Court granted Amazon's motion and dismissed the Complaint without prejudice.  The Court found that Plaintiffs agreed to Amazon's terms and disclosures through their "registration and extensive use of their Alexa-enabled devices."  Order at 11.  Importantly, the Court found that Plaintiffs' continued use of the Alexa service binds them to Amazon's policies beyond just those "in effect when they registered their devices," because the Alexa Terms "expressly provide that users' 'continued use of Alexa' after any modifications to that agreement 'constitutes [their] acceptance of the terms.'"  *Id.* at 11 n.9.  As to the 2022 policies, the Court found that Amazon adequately informed users that Amazon "processes and retains [users'] Alexa Interactions," that personal information is handled "in accordance with the [] Privacy Notice," and that Amazon "use[s] your personal information to display interest-based ads for features, products, and services that might be of interest to you."  *Id.* at 9 (quoting Buckley Decl., Exs. A-B).  As the Court observed, these "applicable policies do not conceal Amazon's use of Alexa-captured voice data for advertising purposes, but instead contemplate that very practice."  *Id.* at 14.  Accordingly, the Court dismissed all of Plaintiffs' claims.  *See, e.g.*, *id.* at 8 (dismissing breach of good faith and fair dealing claim because "the use of voice data for advertising purposes is contemplated in the applicable policies"); *id.* at 17 (dismissing intrusion upon seclusion claim because "Plaintiffs' use of their Alexa devices granted Amazon consent" to "collect[] and process[] [] voice data for advertising purposes").

On March 3, 2023, Plaintiffs filed their motion for leave to amend and attached the PAC as an exhibit.  Other than three categories of new allegations (which, as addressed below, do not save Plaintiffs' claims), the PAC relies on the same basic allegations and theories as the Complaint, and asserts the same claims.  *See generally* Dkt. 51-2 (Redline between Complaint and PAC).  As such, the PAC would be subject to dismissal for the same reasons.

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 3 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101

**LEGAL STANDARD**

A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.'" *Carvalho v. Equifax Info Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile if the claims as amended would be "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). "[T]he 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Street v. Amazon.com Servs., LLC*, No. 2:21-cv-0912-BJR, 2022 WL 3683811, at *2 (W.D. Wash. Aug. 25, 2022) (Rothstein, J.) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).[1] The PAC does not fix any of the fundamental flaws in Plaintiffs' original Complaint; as such, amendment here would be futile.

**ARGUMENT**

**I. Historical Versions Of Amazon's Policies Do Not Change The Result.**

The Court dismissed Plaintiffs' claims based on the 2022 versions of Amazon's Alexa Terms, Privacy Notice, and IBA Notice. Order at 11, 14, 17. In the PAC, Plaintiffs try to avoid that result by citing historical versions of Amazon's policies dating back to 2016, when Plaintiff Horton might have registered his first Alexa-enabled device. PAC ¶¶ 34-40, 94.[2] That is a losing gambit because the Court already held that Plaintiffs' continued use of the Alexa service

---

[1] Plaintiffs argue that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Mot. at 4 (quoting *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)). Plaintiffs have the law wrong. In *Street*, the Court rejected the "no set of facts" standard because it had been "abrogated" by *Twombly* and *Iqbal*. 2022 WL 3683811, at *2 n.4. Instead, "an amendment is futile when the proposed amended complaint fails to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).

[2] Under the incorporation by reference doctrine, the Court can and should consider the historical Amazon policies "[w]hen determining whether the allegations of Plaintiffs' proposed complaint state a claim for which relief can be granted." *Jonson v. Nw. Tr. Servs.*, No. C12-0552RSL, 2013 U.S. Dist. LEXIS 27023, at *10 (W.D. Wash. Feb. 27, 2013); *see also* Order at 3 n.4 (incorporating by reference the Alexa Terms and Privacy Notice); *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 993 (W.D. Wash. 2022) (incorporating by reference the Privacy Notice, Alexa Terms, and Alexa and Alexa Device FAQs). Those historical documents are filed with this brief as Exhibits 1-3.

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 4 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

constitutes acceptance of Amazon's revised, updated terms.  *See* Order at 11 n.9 (Plaintiffs "would not be bound solely by policies in effect when they registered their devices" because of their "alleged continued use of Alexa."); *see also* Ex. 1 (Alexa Terms, last updated Feb. 2, 2016) at 2, § 3.3 ("Your continued use of Alexa after the effective date of the revised Agreement constitutes your acceptance of the terms.").  Thus, in all events, Plaintiffs are bound by Amazon's current terms, policies, and disclosures.

Even if that were not true, any claims predicated on Amazon's historical policies also fail.  Amazon never "conceal[ed] Amazon's use of Alexa-captured voice data for advertising purposes, but instead contemplate that very practice."[3]  Order at 14.  For instance, Amazon's 2016 Alexa Terms, like its current terms, explained that "Alexa processes and ***retains*** your ***voice input and other information*** … in the cloud to respond to your requests and ***improve our services***" and expressly incorporated and linked to Amazon's Privacy Notice.  *Compare* Ex. 1 at 1, § 1.3 (emphases added) (disclosing that Amazon "will handle any information we receive in accordance with the [] Privacy Notice."), *with* Order at 3, 9.

The 2016 Privacy Notice, in turn, informed customers that "[w]e receive and store any information you enter on our Web site or ***give us in any other way***" and "[w]e use the information that you provide for such purposes as responding to your requests, ***customizing future shopping for you***, ***improving our stores***, and ***communicating with you***."  Ex. 2 (Privacy Notice, last updated Sept. 30, 2016) at 1 (emphases added); PAC ¶ 35.  Like later versions of the Privacy Notice, the 2016 version also disclosed that Amazon uses customer information "to ***allow third parties to personalize advertisements we display to you***," but users can opt out by "adjust[ing] [their] Advertising Preferences."  *Compare* Ex. 2 at 3 (emphasis added), *with* Order at 3 (2022 Privacy Notice states that Amazon "*use[s] your personal information to display interest-based ads for features, products, and services that might be of interest to you*").  The 2016 Privacy Notice (like the 2022 version) further links to the IBA Notice, stating that "[f]or more information about third-

---

[3]  Plaintiffs urge that whether Amazon's historical terms adequately disclosed its practices "should be resolved on a subsequent motion to dismiss."  Mot. 5.  But, as noted above, an amendment-futility analysis is essentially the same as a Rule 12(b)(6) analysis.  The question is whether the proposed claims would be "subject to dismissal."  *Steckman*, 143 F.3d at 1298.  They would, and the Court can and should decide that now.

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 5 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101

party advertising at Amazon.com, including personalized or interest-based ads, please read our Interest-Based Ads policy."  Ex. 2 at 2; PAC ¶ 36.

The 2016 IBA Notice, in turn, disclosed that "***Amazon displays interest-based advertising using information you make available to us when you interact with our sites, content, or services***."  *Compare* Ex. 3 (IBA Notice, as of Sept. 17, 2020) (emphasis added) and PAC ¶ 36,[4] *with* Dkt. 38-3 (IBA Notice, as of June 8, 2022) ("we use information such as your interactions with Amazon sites, content, or services").  In sum, Plaintiffs have been on notice since at least 2016 that Amazon stores and uses customer information to "improve our services," "customiz[e] future shopping for you, improv[e] our stores, [] communicat[e] with you," and "allow third parties to personalize advertisements we display to you."  Exs. 1-3.  With that knowledge, Plaintiffs continued to enjoy their Alexa-enabled devices and, in doing so, continued to agree to Amazon's terms.

Any claims predicated on Amazon's policies from 2016 through 2018 also are time-barred.  *See* RCW § 19.86.120 (four years statute of limitations for WCPA claims); RCW § 4.16.080(2) (three years for WPRA claims); *Howard v. Countrywide Home Loans, Inc.*, No. C13-0133JLR, 2013 WL 1285859, at *1 (W.D. Wash. Mar. 26, 2013) (three years for breach of the covenant of good faith and fair dealing claims); *O'Neil v. Peak*, No. C08-1041-JCC, 2009 WL 10725459, at *2 (W.D. Wash. Nov. 10, 2009) (three years for intentional intrusion claims).  Recognizing this reality, Plaintiffs invoke equitable tolling, which is applied "only sparingly."  *Lapinski v. Bank of Am., N.A.*, No. C13-00925 RSM, 2014 WL 347274, at *3 (W.D. Wash. Jan. 30, 2014).  A party who seeks equitable tolling based on the other party's alleged concealment of material information, as Plaintiffs do here, must satisfy Rule 9(b)'s particularity requirements.  *See id.* at *4.  But the PAC's "conclusory statements unsupported by facts … fall[] far short of the kind of active deceit needed" to apply equitable tolling.  *Coppinger v. Allstate Ins. Co.*, No. C17-1756-JCC, 2018 U.S.

---

[4]  The PAC inexplicably quotes from the *2020* IBA Notice, which was in place well after Plaintiffs allegedly registered their Alexa-enabled devices, while the PAC otherwise cites Amazon's historical disclosures from 2016 and 2017.  *See* PAC ¶¶ 36 n.12, 89, 94.  Regardless, Amazon's 2016 Notice and 2020 IBA Notice are identical in all relevant respects.  *See* https://web.archive.org/web/20161107222651/https://www.amazon.com/b?ie=UTF8&node=5160028011  (IBA Notice, as of Nov. 7, 2016).

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 6 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

Dist. LEXIS 73354, at *2-3 (W.D. Wash. May 1, 2018).  Indeed, Plaintiffs admit that they pled no "details" on "Amazon's efforts to conceal."  PAC ¶ 99.  As such, they cannot rely on equitable tolling to save their stale claims.

## II.     Generalized Research Findings Do Not Prove Causation.

In their original Complaint, Plaintiffs referenced an "academic research" paper titled "*Your Echoes are Heard: Tracking, Profiling, and Ad Targeting in the Amazon Smart Speaker Ecosystem.*"  Compl. ¶ 31.  The Court dismissed the Complaint because "Plaintiffs cannot establish that, but for Amazon's public statements, their injuries would not have occurred."  Order at 15.  The Court found that the Complaint "contain[ed] no allegations that Plaintiffs viewed or heard any of those statements or were otherwise aware of them at the time they purchased their Alexa-enabled devices or at any time prior to the filing of this lawsuit." *Id.*

The PAC references an updated version of the same paper; it purportedly shows that 63% of study participants "understood Amazon's statements that it 'do[es] not use voice recordings to target ads' to mean it does not use voice recordings or information derived therefrom …." *See* PAC ¶ 44.  Plaintiffs argue that their WCPA claim will survive because the findings in the updated paper "establish a fact issue" as to the "unfair and deceptive practice and causation prongs."  Mot. at 5.  According to Plaintiffs, the paper shows that consumers "*are* actually misled" by Amazon's public statement that "we do not use voice recordings to target ads." *Id.*; PAC ¶¶ 43-44.  But these allegations are not substantively different than those the Court already dismissed as insufficient to establish causation, as required by the statute.  Order at 15-16.  Plaintiffs still have not alleged that *they* saw, were deceived by, and relied on that alleged statement (or any other Amazon statement for that matter). *See* PAC ¶¶ 10-11, 89-98.  Hearsay allegations that *some* group of absent consumers *might* have been deceived cannot establish causation or support *Plaintiffs*' own claims of harm.  Thus, just as the Court found with respect to the Complaint, the WCPA claim in the PAC would be dismissed for lack of causation.  Order at 15-16.

## III.    Plaintiffs' New Definition Of "Voice Data" Is Unavailing.

In their original Complaint, Plaintiffs relied on, but never defined, the phrase "voice data." The PAC now defines "voice data" to include "voice recordings collected by Alexa, any transcripts

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 7 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101

of those recordings, and any other data created or derived therefrom, including transaction records." PAC ¶ 2 n.1.  That definition changes nothing and, like Plaintiffs' other new allegations, does not save their claims.  As early as 2016, Amazon disclosed that it collects and uses for various purposes—including interest-based advertising—the following types of customer information: "voice input and other information," "personal information," "any information you enter on our Web site or give us in any other way," and any "information you make available to us when you interact with our sites, content, or services."  Exs. 1-3.  Those broad disclosures clearly encompass Plaintiffs' definition of "voice data," *i.e.*, "[v]oice recordings collected by Alexa, any transcripts of those recordings, and any other data created or derived therefrom, including transaction records."  PAC ¶ 2 n.1.[5]  Indeed, the Court already anticipated and disposed of Plaintiffs' latest argument: "[E]ven assuming the truth of Plaintiffs' allegations that Amazon is using voice data for advertising purposes, that use would be contemplated in—and permitted by—the applicable policies."  Order at 10.  In short, Plaintiffs' new definition of "voice data" still fits comfortably within Amazon's longtime disclosures of its practices.

## IV.  Plaintiffs' Proposed Claims Are Futile.

Plaintiffs' new allegations cure none of the deficiencies that the Court identified when it dismissed the Complaint.

<u>First</u>, the PAC fails to state a viable good faith and fair dealing claim because Plaintiffs identify no contractual obligation that Amazon allegedly breached by serving interest-based ads.  *See Badgett v. Sec. State Bank*, 116 Wn.2d 563, 570, 807 P.2d 356 (1991) (holding that there is no "free-floating duty of good faith unattached to the underlying legal document").  The PAC only alleges that two fragments of Amazon's disclosures—the preamble of the 2017 Privacy Notice and the feature explanation in the 2016 Alexa and Alexa Device FAQs—implied a duty on Amazon to "only use[] Alexa users' voice data to execute Alexa functions."  PAC ¶¶ 118-121.  The Court has already rejected this theory.  The Privacy Notice preamble "simply expresses a generic aspiration to use information 'carefully and sensibly'" and the FAQs "simply describe Alexa's general

---

[5]  As Amazon has consistently explained, however, it does not in fact use *voice recordings* to inform interest-based advertising; Amazon only uses downstream *transaction records* for such advertising.  *See* PAC ¶ 31.

features and functionality"; but "neither state nor imply that such descriptions set forth an exhaustive list of functions limited to fulfilling users' requests."  Order at 8.  Moreover, "the use of voice data for advertising purposes is contemplated in the applicable policies."  Order at 9.  It is axiomatic that Plaintiffs cannot use the implied covenant to "add or contradict [these] express contract terms."  *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1173-74 (W.D. Wash. 2014).

Second, the WCPA claim fails at the threshold because it lacks the requisite particularity under Rule 9(b).[6]  Plaintiffs say that they "do not contend that Amazon is prohibited from using voice recordings to generate targeted advertising," only that Amazon "insufficiently identified this practice."  Mot. at 2.  But the PAC nowhere alleges *when* Amazon used voice data for targeted advertising, let alone *how* Amazon's actions supposedly diverged from its disclosures.  *Hernandez v. Johnson & Johnson*, No. 4:20-cv-05136-SMJ, 2021 WL 320612, at *5 (E.D. Wash. Jan. 8, 2021); *Hawley v. Bus. Comput. Training Inst., Inc.*, No. C08-5055, 2008 WL 2048325, at *4 (W.D. Wash. May 9, 2008) (Rule 9(b) requires a plaintiff to "explain what is false about a statement and why it was false or misleading at the time it was made").  In addition, Plaintiffs' WCPA claim fails because there is no deception or unfairness.  Plaintiffs had "reason to anticipate" and "the means to avoid" their alleged injuries by reviewing Amazon's policies (past and present), which "do not conceal Amazon's use of Alexa-captured voice data for advertising purposes, but instead contemplate that very practice."  Order at 14; *see Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (annual fee was "reasonably avoidable" and not unfair because the terms "g[a]ve a reasonable consumer 'reason to anticipate' the possibility of fees"); *Smale v. Cellco P'ship*, 547 F. Supp. 2d 1181, 1188 (W.D. Wash. 2008) (Verizon's fee is not deceptive or unfair because the contract unambiguously disclosed that Verizon generally "reserves the right to assess additional fees").

---

[6] Plaintiffs' WCPA claim alleges a "unified course of fraudulent conduct" and must satisfy Rule 9(b)'s heightened pleading standards.  Order at 12-13 (WCPA claim subject to Rule 9(b) given allegations that Amazon "misleadingly represented" and "created a false impression"); *see, e.g.*, PAC ¶¶ 1, 40 (accusing Amazon of "false promises," "deliberate misinformation," and "intentionally misleading" policies).

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 9 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

<u>Third</u>, the intrusion upon seclusion claim is futile because Plaintiffs' "consent to the allegedly intrusive act 'negates the element of intentional intrusion upon the plaintiff's private affairs.'" Order at 17 (quoting *Budsberg v. Trause*, No. 46653-8-II, 191 Wn. App. 1021, 2015 WL 7259958, at *6 (2015)); *cf. Wright v. Washington*, No. 2:19-cv-01633-RSM-BAT, 2020 WL 3848052, at *4 (W.D. Wash. Mar. 20, 2020) ("Under Washington law, consent to disclosure of information is a complete bar to an invasion of privacy claim.") (citation omitted).  "[B]y using their Alexa devices," Plaintiffs consented to Amazon's policies and practices.  Order at 17.  As such, Amazon clearly "possessed the necessary legal permission to acquire [Plaintiffs'] personal information" and did not commit any "intrusive act."  *Buckley v. Santander Consumer USA, Inc.*, No. C17-5813 BHS, 2018 WL 1532671, at *7 (W.D. Wash. Mar. 29, 2018); *see also* PAC ¶ 36 (IBA Notice disclosed that "Amazon displays interest-based advertising using information you make available to us when you interact with our sites, content, or services.").

<u>Fourth</u>, Plaintiffs present no new allegations or theories to support their WPRA claim, which fails for the same reasons as before.  Order at 18 (dismissing WPRA claim because "Plaintiffs do not allege that their voices were ever incorporated or otherwise used 'on or in goods, merchandise, or products,' or in advertisements for any 'products, merchandise, goods, or services' that were targeted at them (or at anyone else)"); *see also* Dkt. 51-2 (Redline between Complaint and PAC) at 40-42 (reflecting no new allegations).

Plaintiffs nonetheless reassert the WPRA claim "for reconsideration" by the Court, arguing that the WPRA "does not require use *in* advertising, only use *for* the purpose of advertising."  Mot. at 6.  As an initial matter, Plaintiffs' reconsideration bid should be rejected because "[m]otions for reconsideration are disfavored" and are presumptively denied.  *Street v. Amazon.com Servs., LLC*, No. 2:21-cv-0912-BJR, 2022 WL 17324300, at *1 (W.D. Wash. Nov. 29, 2022) (Rothstein, J.).  In any event, Plaintiffs misconstrue the Court's ruling.  The Court dismissed the WPRA claim because Plaintiffs have not alleged that Amazon used their *voices* in violation of the statute and because "advertisements [were] not alleged to contain Plaintiffs' voices."  Order at 18.  The PAC is carefully crafted to allege that Amazon "collected and captured voice data and utilized that data to create dossiers of users' characteristics, lives, and habits," and that these *dossiers* (*not* voice

OPP. TO MTN. FOR LEAVE TO
FILE AMENDED COMPLAINT
CASE NO.: 2:22-CV-00800-BJR

- 10 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101

1   recordings) were allegedly used to "sell advertising services to third parties, and target advertising

2   ...." PAC ¶ 164.  But Plaintiffs cite no authority to justify an expansion of the WPRA beyond the

3   specifically enumerated protected categories of "name, voice, signature, photograph, or likeness."

4   RCW § 63.60.050.  Thus, as the Court already found, these allegations "do not fit within the scope

5   of the [W]PRA."  Order at 18.

6        Plaintiffs' proposed WPRA claim is futile for additional reasons.  Even if the statute

7   covered so-called "dossiers" gleaned from voice recordings, Plaintiffs had notice of and repeatedly

8   consented to the use of their interactions and transaction data for interest-based advertising.  Order

9   at 10-11, n.9.  Additionally, the WPRA expressly bars class actions and exempts from liability

10  "owners or employees of any medium used for advertising," including "online service providers"

11  like Amazon.  RCW § 63.60.070(3), (4); *see also* MTD at 13-14; Dkt. 43 (Amazon's MTD Reply)

12  at 9-10.  In short, Plaintiffs stretch the WPRA well past its breaking point and nothing in the PAC

13  could save that claim from dismissal.

14                                    **CONCLUSION**

15       Amazon respectfully requests that the Court deny Plaintiffs' request for leave to file an

16  amended complaint and enter an order of dismissal with prejudice.  Plaintiffs have had two chances

17  to plead viable claims and failed to do so even with the Court's clear explanation of the legal

18  requirements; any further efforts would be futile.

19       Dated:  March 24, 2023              Respectfully submitted,

20

21                                          FENWICK & WEST LLP

22

23                                          By: */s/ Brian D. Buckley*
                                                Brian D. Buckley, WSBA No. 26423

24                                              Y. Monica Chan, WSBA No. 58900
                                                1191 Second Avenue, 10th Floor
25                                              Seattle, WA 98101
                                                Telephone:    206.389.4510
26                                              Email:        bbuckley@fenwick.com
                                                              mchan@fenwick.com
27

28                                              Laurence F. Pulgram (*pro hac vice*)
                                                Jedediah Wakefield (*pro hac vice*)

Tyler G. Newby (*pro hac vice*)
Armen N. Nercessian (*pro hac vice*)
Garner F. Kropp (*pro hac vice*)
Esther D. Galan (*pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:          415.875.2300
Email:              lpulgram@fenwick.com
                    jwakefield@fenwick.com
                    tnewby@fenwick.com
                    anercessin@fenwick.com
                    gkropp@fenwick.com
                    egalan@fenwick.com

*Attorneys for Defendants*
AMAZON.COM, INC. and AMAZON.COM
SERVICES LLC