The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GRAY and SCOTT HORTON, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendants. | NO. 22-cv-800<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

## I.   INTRODUCTION

Currently pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint, ECF No. 51. Plaintiffs filed this motion after the Court granted Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismissed Plaintiffs' complaint without prejudice. *See* MTD Order, ECF No. 48. Having reviewed the parties' briefs and supporting materials filed in support of and opposition to the motion, including the Proposed Amended Complaint ("PAC"), and the relevant legal authorities, the Court will DENY Plaintiffs' motion. The reasoning for the Court's decision follows.

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

- 1

## II. BACKGROUND

In its previous order, the Court recounted the factual background as alleged in Plaintiffs' complaint. *See* MTD Order 2-5. Briefly, Plaintiffs James Gray and Scott Horton brought a putative class action against Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), asserting various claims arising from Amazon's alleged use of voice data collected through its Alexa digital assistant software that runs on various devices sold by Amazon and Amazon partners. *See* Compl., ECF No. 1. Plaintiffs alleged that Amazon did not disclose to its customers that it would use the data derived from the voice recordings made by the Alexa devices for the purposes of targeted advertising. *Id.* Plaintiffs asserted claims for (1) breach of the implied covenant of good faith and fair dealing; (2) violation of Washington's Consumer Protection Act, RCW § 19.86 *et seq.*; (3) intrusion upon seclusion; and (4) infringement of personality rights in violation of Washington's Personality Rights Act ("PRA"), RCW § 63.60.010 *et seq. Id.* ¶¶ 103-165.

The Court found that Amazon's disclosures—in effect at the time the Complaint was filed—adequately informed customers that their information would be collected and may be used to provide interest-based advertisements, and the Court dismissed the Complaint. Plaintiffs now seek to amend the complaint to add the disclosures that were in effect at the time they bought their devices, which they allege did not sufficiently identify Amazon's practices.[1] Mot. 1-2, ECF No. 51. Plaintiffs assert that Amazon's omissions regarding its use of the voice recordings, and the information contained in or derived from the voice recordings, caused them injury because they

---

[1] The Court notes that Plaintiffs previously argued that the versions of the Alexa Terms and the Privacy Notice in effect on the date the complaint was filed did not apply, and the Court found that the argument lacked merit. *See* MTD Order 11 n.9.

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
- 2

overpaid for the products they purchased. *Id.* Plaintiffs' proposed amended complaint ("PAC"), ECF No. 51-1, also updates Plaintiffs' allegations regarding academic research, and expands the scope of allegations to expressly include "voice data" generated from voice recordings. Mot. 3.

Amazon contends that the Plaintiffs have not cured the deficiencies that resulted in the Court's dismissal of Plaintiffs' original complaint and argues that amendment would be futile because all proposed claims fail as a matter of law. Opp'n 1-2, ECF No. 52.

### III.   STANDARD OF REVIEW

Under Federal Rule 15, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave need not be granted when the proposed amendment is futile.[2] *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). A proposed amended complaint is futile if it would be immediately "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Thus, the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).[3]

---

[2] Defendants do not raise any of the other recognized grounds for denying a motion to amend a complaint, such as bad faith or undue prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] Plaintiffs assert that a proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Mot. 4 (quoting *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)). However, "*Twombly* retired the *Conley* no-set-of-facts test." *Iqbal*, 556 U.S. at 670 (referring to *Conley v. Gibson*, 355 U.S. 41 (1957)). In the wake of *Twombly* and *Iqbal*, therefore, "it might more appropriately be said that an amendment is futile when the proposed amended complaint fails to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Fulton v. Advantage Sales & Mktg., LLC*, No. 3:11–cv–01050–MO, 2012 WL 5182805, at *2–3 (D. Or. Oct. 18, 2012) (citations omitted) (acknowledging that *Twombly* abrogated *Conley*'s "no set of facts" standard for purposes of evaluating the futility of a motion to amend a complaint).

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

- 3

1    To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Plausibility" means less than "probability," but "more than a sheer possibility," and facts that are "merely consistent with" a defendant's liability stop "short of the line between possibility and plausibility." *Id.* at 678; *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   DISCUSSION

Plaintiffs' PAC includes the same four claims as their original complaint. The Court will review each claim in turn.

### A. Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs contend that the Court should analyze this claim based on the terms and conditions that were in effect when the Plaintiffs purchased and activated their devices rather than on the 2022 versions. Mot. 4.[4] The Court previously found that "the applicable policies do not create any

---

[4] Defendants attached copies of the historical documents to their response. *See* Exs. 1-3, ECF Nos. 52-1 – 52-3. The Court considers these exhibits because they are incorporated by reference in the PAC, *e.g.*, ¶¶ 37-39, 116-119, and their authenticity is not in question. *See Dunn v. Castro*, 621 F.2d 1196, 1205 (9th Cir. 2010).

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
- 4

implied duty on Amazon's part to refrain from using Alexa-captured voice data to inform targeted advertisements." MTD Order 8.[5] Plaintiffs' PAC does not allege that the historical policies' language differs materially from the language the Court previously analyzed. *Compare, e.g.*, PAC ¶ 118 to Compl. ¶ 112 (citing the Amazon.com Privacy Notice with virtually identical language); PAC ¶¶ 39, 119 to Compl. ¶¶ 37, 114 (citing the Amazon Device Terms of Use, which had a shorter description of voice services but did not contain a promise that the use of voice data was limited to Alexa functions). The implied duty of good faith and fair dealing "exists only in relation to performance of a specific contract term," *Badgett v. Sec. State Bank*, 116 Wash. 2d 563, 570 (Wn. Sup. Ct. 1991), and cannot be used to "interpret[] . . . contractual provisions in a manner that expands the scope of their plain meaning," *134th Street Lofts, LLC v. iCap Northwest Opportunity Fund, LLC*, 15 Wash. App. 2d 549, 566 (Wn. Ct. App. 2020).

The Court previously held that the use of voice data for advertising purposes is contemplated in the applicable policies and that Plaintiffs had received notice of the policies. MTD Order 9, 11. The Court defined the term "'voice data' to mean anything directly reflecting the content of what users utter to their Alexa-enabled devices, and not the transaction records derived from those utterances." *Id.* at 6 n.6. In the PAC, Plaintiffs expanded the definition of "voice data" to mean "[v]oice recordings collected by Alexa, any transcripts of those recordings, and any other data created or derived therefrom, including transaction records." PAC at ¶ 2 n.1. The Plaintiffs'

---

[5] The Court also held that Plaintiffs "would not be bound solely by policies in effect when they registered their devices" given their "alleged continued use of Alexa." MTD Order 11 n.9. Plaintiffs allege in their PAC that they registered and continue to use Alexa. PAC ¶¶ 89-91, 94-96. The Alexa Terms of Use (dated February 2, 2016) state: "By using Alexa, you agree to be bound by the terms of this Agreement. . . . We may amend any of this Agreement's terms at our sole discretion by posting the revised terms on the Amazon.com website. Your continued use of Alexa after the effective date of the revised Agreement constitutes your acceptance of the terms." Ex. 1, ECF 52-1. Regardless of whether amended terms would be enforceable, Plaintiffs do not allege that the terms changed.

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

- 5

expanded definition does not change the Court's finding that the use of voice data is contemplated in the applicable policies. Plaintiffs allege that they are "registered users[s] of Alexa products." PAC ¶¶ 89-90, 94-95. Plaintiffs were on notice of Amazon's policies, and the policies, whether the original versions or current versions, permit the collection and processing of voice data for advertising purposes. *See, e.g.*, PAC ¶ 35 ("Amazon.com Privacy Notice in effect 2016-2018 . . . .We receive and store any information you enter on our Web site or give us in any other way. . . . We use the information that you provide for such purposes as responding to your requests, customizing future shopping for you, improving our stores, and communicating with you."); ¶ 36 ("The Amazon.com Privacy Notices in effect 2016-2018" directed the reader to the "Interest-Based Ads policy," which stated: "Amazon displays interest-based advertising using information you make available to us when you interact with our sites, content, or services. Interest-based ads, also sometimes referred to as personalized or targeted ads, are displayed to you based on information from activities such as purchasing on our sites, visiting sites that contain Amazon content or ads, interacting with Amazon tools, or using our payment services . . . ."); ¶ 38 ("The 'Alexa and Alexa Device FAQs,' from 2016-2018 . . . states. . . Alexa uses your voice recordings and other information, including from third-party services, to answer your questions, fulfill your requests, and improve your experience and our services."); ¶ 39 ("Amazon Device Terms of Use in effect from 2016 through the present . . . contain . . . When you use voice services, we may process your voice input and other information (such as location) in the cloud to respond to your requests and to improve your experience and our products and services.").

Plaintiffs merely repeat the same arguments the Court has already rejected. Requiring this case to proceed to a second motion to dismiss as Plaintiffs suggest would be inconsistent with

securing the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### B. Claim for Violation of Washington's Consumer Protection Act

The Court held that this claim must be pled with the specificity prescribed by Federal Rule of Civil Procedure 9(b). MTD Order 12-13. In the PAC, Plaintiffs updated the "Research Paper" referenced in the complaint and added an allegation that "Plaintiffs could not have determined how Amazon used their data from Amazon's disclosures at the time they purchased their Alexa-Enabled Device. They therefore could not have avoided injury by making a fully informed decision not to buy the Device." PAC at ¶¶ 29-32, 41. Plaintiffs argue that their proposed amended allegations establish a fact issue as to how consumers interpret Amazon's statements regarding its use of voice recordings and voice data, which cures factual deficiencies identified by the Court regarding the unfair and deceptive practice and causation prongs of the CPA claim. Mot. 5. The Court, however, accepting Plaintiffs' allegations as true, as it must in the context of a dismissal motion, held that whether or not Amazon's public statements were deceptive need not be addressed because Plaintiffs had failed to plead that the statements caused their alleged injuries. MTD Order 15. The PAC has not cured Plaintiffs' failure to allege that they viewed or heard or were aware of alleged deceptive public statements at the time they purchased their devices or since. "Absent such allegations, Plaintiffs cannot establish that, but for Amazon's public statements, their injuries would not have occurred." *Id.* (citing *Maple v. Costco Wholesale Corp.*, 649 F. App'x 570, 572 (9th Cir. 2016)). Thus, amendment would be futile.

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

- 7

### C. Claim for Intrusion upon Seclusion

Plaintiffs simply repeat their above arguments regarding their claim for intrusion upon seclusion: "Similarly, the additional allegations regarding the applicable terms and conditions in effect when Plaintiffs' purchase[d] their devices would cure any deficiencies with respect to Plaintiffs' intrusion on seclusion claim." Mot. 51. As already discussed, the Court found that Plaintiffs were on notice of the Alexa terms and the Privacy Notice, Amazon's policies permit the collection and processing of voice data for advertising purposes, and by registering and using their Alexa devices, Plaintiffs consented to Amazon's terms. Accordingly, as above, amendment would be futile.

### D. Claim for Violation of Washington's Personality Rights Act

The Court previously held that "Plaintiffs do not allege that their voices were ever incorporated or otherwise used 'on or in goods, merchandise, or products,' or in advertisements for any 'products, merchandise, goods, or services' that were targeted at them (or at anyone else)." MTD Order 18. Plaintiffs contend that "the language of the PRA does not require the use of a person's voice *in* an advertisement to be actionable. Rather, the statute provides that an infringement arises when 'any person . . . uses or authorizes the use of a living . . . individual's . . . voice . . . *for* purposes of advertising products, merchandise, good, or services . . . .'" Mot. 6 (quoting RCW § 63.60.050 (emphasis added by Plaintiffs)). Plaintiffs argue that because they allege that "Amazon used their voices to generate a dossier 'for the purpose of advertising,'" the use was infringing. *Id.*

The Court notes that rather than "amending" their complaint to cure deficiencies, the Plaintiffs are seeking reconsideration of their prior argument with regard to this claim.[6] The Court considered Plaintiffs' arguments and found that their allegations do not fit within the scope of the PRA. MTD Order 18. "Every individual or personality has a property right in the use of his or her name, voice, signature, photograph, or likeness." RCW § 63.60.010. Infringement arises when the "property" is used as defined in the statute "without written or oral, express or implied consent of the owner of the right." *Id.* § 63.60.050. Even if the Court were to accept (for purposes of analyzing the plausibility of their claim) Plaintiffs' definition of the violative use to include "dossiers" gleaned from voice recordings, the Court has found that Plaintiffs consented to such use. MTD Order 17. Plaintiffs proposed amendments do not plausibly plead otherwise. Therefore, Plaintiffs fail to demonstrate "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Loc. R. 7(h)(1). Reconsideration of the Court's dismissal of this claim is denied.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint, ECF No. 51, is DENIED, and this matter is hereby DISMISSED with prejudice.

DATED this 2nd day of May, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[6] "Plaintiffs agree that they have not included any additional factual allegations pertaining to their personality rights claim and submit only that the Court's ruling was premised on a material rephrasing of the statute. . . . Plaintiffs included this claim in their proposed Amended Complaint to ensure that they did not waive any rights to appeal the Court's ruling."  Reply 8, ECF No. 53.